UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL ROSS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1155-LJM-TAB |
| | ) | |
| TOWN OF PLAINFIELD, INDIANA | ) | |
| POLICE OFFICER JASON WILSON, | ) | |
| in his individual capacity; and | ) | |
| TOWN OF PLAINFIELD, INDIANA, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

**I.   Introduction**

Plaintiff failed to properly serve Defendants within Rule 4(m)'s 120-day limit and moved the Court to extend the time for service. Plaintiff cannot show good cause for this failure. Nevertheless, the Court exercises its discretion to extend the time for service because Defendants have likely already received actual notice of the suit, and—because the statute of limitations on Ross's claims has passed—dismissal for failure to timely serve would effectively be a dismissal with prejudice.

**II.   Background**

Michael Ross alleges that on August 29, 2006, he was stopped for a traffic violation by Plainfield police officer Jason Wilson. Ross alleges that during the stop, he was handcuffed, tossed to the ground, and denied medical assistance for his resulting injuries. [Docket No. 1 at 3.] Ross subsequently brought this action against the Town of Plainfield and Officer Wilson under 42 U.S.C. § 1983. [Docket No. 1 at 3.] Ross filed his complaint by counsel, William O. Harrington, on August 28, 2008—the day before the two-year statute of limitations ran. [Docket

No. 1 at 1, 6.]  A month later, Harrington withdrew and was replaced by Scott Quick.

Nothing more happened for nearly a year.  On July 29, 2009, the Court ordered Ross to show cause why the action should not be dismissed for failure to prosecute.  The July 29 order noted that Ross had not filed proof of service of the summons and complaint in this action. [Docket No. 10.]

On August 5, 2009, Ross filed a request for an extension of time to serve Defendants under Federal Rule of Civil Procedure 4(m).  Ross stated:

> Service, if perfected, will be outside the 120 day period described in FRCP Rule 4(m).  However, *Plaintiff would show good cause for his failure to perfect service*, particularly given the transfer of the file from one firm to another, *as well as previous good faith attempts to achieve service*.

[Docket No. 11 at 1 (emphasis added).]  On August 17, 2009, the Court made a marginal entry advising that Ross's response failed to establish good cause.  The Court ordered counsel to "supplement this filing within 14 days to specify what prior attempts at service were made, as well as any other bases Plaintiff contends constitute good faith in failing to timely effect service."  [Docket No. 12.]

In response, Ross filed his "Amended and Revised Motion for Extension of Time in Which to Serve Process" which stated:

> Upon discovering that proof of service had not yet been filed with the Court, and following a hasty review of the file in an effort to quickly remedy the failure, Ross, by undersigned counsel, represented that he would show "good cause" for the Motion, based upon "good faith efforts" to serve process.  However, following an exhaustive review of the file, including conversion and review of the digital file from prior counsel, *the undersigned has not been able to confirm that there was an attempt to serve process on the defendants* . . . .

[Docket No. 14 at 1 (emphasis added).]  Ross explained that he was no longer seeking an extension based on "good cause," but was now requesting that an extension be granted at the

2

discretion of the Court without good cause. [Docket No. 14 at 2.] The motion further explained that in August 2008, Attorney Quick's law firm was "in a state of flux" because it had recently lost two administrative employees and was severing ties with him, causing "confusion between [Quick] and the Firm concerning the continued representation of Ross . . . ." [Docket No. 14 at 4.] The motion admitted that Quick "first realized that there was a potential problem with service of process upon receiving the Court's Rule 41(e) dismissal or show cause order." [Docket No. 14 at 4.]

Meanwhile, on August 6, 2009, the Town of Plainfield was served via certified mail. [Docket No. 13, Ex. 1 at 6.] On August 31, 2009, the Town of Plainfield and Officer Wilson were served via hand delivery. [Docket No. 13, Ex. 1 at 3–5.] Although Defendants raised Plaintiff's failure to timely serve the complaint and summons as an affirmative defense [Docket No. 16 at 5], neither Defendant has responded to Ross's request for an extension of time.

### III.   Discussion

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Seventh Circuit precedent, whether to grant a plaintiff's request for an extension of time under Rule 4(m) is a two-step inquiry. If the plaintiff shows good cause, the Court "has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). However, if the plaintiff is unable to show good cause, "the

3

court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* (citing Fed. R. Civ. P. 4(m)).

At the outset, the Court observes that Ross correctly does not request an extension for good cause. To establish good cause, a plaintiff must show at least reasonable diligence in attempting service. *Tremper v. Air Shields, Inc.*, No. IP00-1080-C-B/S, 2001 WL 1000686, at *2 (S.D. Ind. Aug. 27, 2001) (citing *Hernandez v. Lara*, No. 00-C-1651, 2001 WL 629309 (N.D. Ill. May 25, 2001)). Ross made no attempt at service. Moreover, attorney neglect does not give rise to good cause. *Tremper*, 2001 WL 1000686, at *2 (citing *Oliver v. Cassidy Rest., Inc.*, No. IP99-1960-C-T/G, 2000 WL 1568650, at *2 (S.D. Ind. Oct. 5, 2000) ("Employee turnover and a busy schedule are not the making of good cause.")).

Despite Ross's failure to establish good cause, the Court may still exercise its discretion to grant an extension. In exercising its discretion, the Court considers the following non-exhaustive list of factors: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant has evaded service or concealed a defect in attempted service; (3) whether the defendant had actual notice of the case; (4) whether the defendant claims prejudice as a result of the delay; and (5) whether the plaintiff is proceeding pro se. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Boucher v. Potter*, No. 1:04-cv-1541-DFH-VSS, 2005 WL 1183148, at *3–4 (S.D. Ind. May 18, 2005); *Humphries v. Cracker Barrel Rest. No. 221*, No. 03-C-3765, 2004 WL 1630512, at *3 (N.D. Ill. July 16, 2004).

In applying these factors, the Court observes that Ross, who was proceeding by counsel, made no attempt whatever to serve the Defendants for nearly a year. Defendants did not evade service, and—as counsel's recent service attempts show—were not unusually difficult to serve.

And counsel's misrepresentation as to the existence of good faith attempts to achieve service certainly does not help his cause. But without an extension, Ross will lose his § 1983 claim because the statute of limitations has long passed. Moreover, any prejudice Defendants would suffer from the granting of an extension is mitigated by Ross's claimed filing of a tort claim notice on February 12, 2007. [Docket No. 1, ¶ 7.]

In balancing these factors, the Seventh Circuit's decision in *Coleman* is instructive. In *Coleman*, the defendant did not show prejudice and had likely received actual notice, and dismissal would have effectively been with prejudice because the statute of limitations on plaintiff's claims had run. The district court dismissed the case. The Seventh Circuit upheld the dismissal, finding that the district judge had not abused his discretion. However, the divided panel made clear that it disagreed with the district judge's approach. Judge Posner's opinion noted that under these circumstances, "most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships." *Coleman*, 290 F.3d at 934. Judge Williams concurred separately, writing that affirming the trial court "troubles me," and "I believe that the better course would have been to let the suit proceed." *Id.* at 935. Judge Evans dissented, writing that "the law prefers that cases be resolved on their merits, not technicalities, and for that reason I would hold that the district judge abused his discretion . . . ." *Id.* at 935. *Coleman*'s separate opinions point in favor of granting an extension here.

In addition to *Coleman*, many decisions from this district cite a statute of limitations bar as a key factor in permitting an extension. *E.g.*, *Boucher*, 2005 WL 1183148, at *4; *Roberson v. Arrow Trucking Co.*, No. IP 00-1465-C-M/S, 2001 WL 484468, at *3 (S.D. Ind. Mar. 9, 2001);

*Cardenas v. Benter Farms*, No. IP 98-1067-C-T/G, 2000 WL 1693807, at *2 (S.D. Ind. Nov. 7, 2000); *Oliver*, 2000 WL 1568650, at *2 n.2.

In light of *Coleman* and these other authorities, the Court balances the hardships to the parties and determines that the scale tips ever so slightly to Ross.  An extension of time under Rule 4(m) will be permitted.

**IV.     Conclusion**

Ross's request to extend the time for service of process [Docket Nos. 11 (first), 14 (amended)] is granted.  Ross is granted 30 days from the date of this order to achieve service on the Defendants, although it appears from the docket that he has already done so.

Dated:  09/21/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Scott Curtis Quick
SCOTT C. QUICK, LLC
quicklawoffice@gmail.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com